UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
|            Plaintiff, | ) | CR09-02814-TUC-DCB(JM) |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Jesus Ivan Barron-Garcia, | ) | |
|            Defendant. | ) | |

Pending before the Court is Defendant Barron-Garcia's Motion to Dismiss Indictment for Lack of Valid Deportation (Doc. 54). The Government has responded (Doc. 57), the Defendant has replied (Doc. 63), and the Government was permitted to file a sur-reply (Doc. 67). For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, deny the Motion to Dismiss.

**I.   FACTUAL BACKGROUND**

On November 25, 2009, Border Patrol Agent Eric Reeder was patrolling an area just east of the port of entry at Naco, Arizona, and encountered the Defendant and several other individuals walking north of the United States border with Mexico. Agent Reeder asked the group in Spanish if they were in the United States illegally, their country of citizenship, and if they had or had applied for documents that would allow them to be in the United States legally. Defendant told the agent that he was from Mexico and that he was in the United States illegally and had no documentation which allowed him to be there. A background check revealed that the Defendant had previously been removed from the United States on three occasions: May 25, 2005; November 13, 2009; and November 22, 2009. The check

also revealed that Defendant had a prior felony conviction of aggravated assault. On December 23, 2009, the Defendant was charged by indictment with reentry after deportation. The indictment alleges that he was previously deported on May 25, 2005.

## II. DISCUSSION

### A. Defendant's removal was procedurally authorized.

Defendant's first argument is that his May 25, 2005, removal was invalid because the order came not from an immigration court but from an immigration officer. Assuming that he was an aggravated felon at the time of his removal, which is discussed below, the nonjudicial summary proceeding was appropriate. The expedited proceedings to which Defendant was subject are authorized under 8 U.S.C. § 1228. In relevant part, that statute provides for the expedited removal by the Attorney General of non-legal permanent resident aliens who have been convicted of an aggravated felony. 8 U.S.C. § 1228(a) & (b). By regulation, the removal decision is delegated to a "Deciding Service Officer" who determines deportability either based on evidence or by concession of the alien and, if satisfied that deportability is established, issues and serves upon the alien "a Final Administrative Removal Order that states the reasons for the deportation decision." 8 C.F.R. § 238.1(d)(1).

In *United States v. Calderon-Segura*, 512 F.3d 1104 (9th Cir. 2008), the Ninth Circuit rejected the defendants arguments that the procedure outlined in section 1228 violated equal protection and due process. The court noted that there was no assertion, as there is not here, that the discretion granted to the Attorney General implicated any fundamental right or suspect classification and thus applied rational basis scrutiny. *Id.* at 1107 (citations omitted). The court proceeded to find a rational basis for treating non-LPR aggravated felons differently by placing them in expedited removal proceedings. Specifically, the court found that the process served the "legitimate goal of rapidly removing criminal aliens." *Id.* at 1108. Thus, if the Defendant here was properly classified as an aggravated felon, the process to which he was subject was not violative of his rights.

**B.  Defendant had previously been convicted of an aggravated felony.**

In his reply, Defendant asserts that the process to which he was subject was inappropriate because he was not an aggravated felon.  For several reasons, this argument fails.  First, Defendant argues that the government has not proven that it was him and not some other person with the same name that was the subject of the underlying aggravated felony conviction.  The government effectively counters this argument by noting first that the Defendant is not actually claiming is was not him, but only that it might have been somebody else.  Moreover, the government has attached to its sur-reply the conviction document which bears the Defendant's fingerprint as determined by a fingerprint expert.  *See Sur-Reply*, Exhibits D and E.

Next, Defendant contends that the conviction did not constitute an aggravated felony.  The documents supporting the conviction reflect that, on March 1, 2004, the Defendant pled guilty to aggravated assault, "a class 6 designated felony in violation of A.R.S. 13-1203, 13-1204, 13-3601(A), 13-610, 13-701, 13-702, 13.702.01 and 13-801 committed on February 12 and 13, 2004."  *Sur-Reply*, Exhibit A (plea agreement).  The Defendant directs the Court to *United States v. Esparza-Herrera*, 557 F.3d 1019 (9th Cir. 2009) where the Ninth Circuit engaged in a detailed "categorical approach" analysis of Arizona's aggravated assault statute and determined that mens rea for A.R.S. § 13-1204 "encompasses ordinary recklessness, and therefore [the defendant's] conviction was not a conviction of generic aggravated assault or a crime of violence."  *Id*. at 1025.  *Esparza-Herrera*, however, is distinguishable in a determinative way from the case at hand.

In *Esparza-Herrera*, the Court noted that "[n]o other official judicial document forming the record of conviction contained specific information about Esparza-Herrera's conduct."  *Id.* at 1021.  Without that information, the court could only determine whether the conviction of the statute was or was not a categorical crime of violence and, after determining it was not, the inquiry was complete.  *See United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009).  In the instant case, however, there is additional information found

in judicial documents that allows the Court to employ a "modified categorical approach" to determine if the conviction was a crime of violence and, therefore, an aggravated felony. Under the modified categorical approach, the court examines judicially noticeable documents to determine if the defendant was convicted under the generic elements of the offense or if there is more particular information indicating that the conviction was not founded on the generic elements of the crime. *Shepard v. United States*, 544 U.S. 13, 16 (2005). Such documents include the charging documents, written plea agreements, transcripts of a plea colloquy, and explicit factual findings by the judge to which the defendant assented. *Id*.

Applying this approach, the Court finds that the Defendant did plead guilty to an aggravated felony. The government has provided the plea colloquy from the Maricopa Superior Court associated with the conviction. *Sur-Reply*, Exhibit C. In the colloquy, the Defendant's counsel offers the following factual basis for the aggravated assault:

> On February 12 and 13, 2004, [Defendant] was in Phoenix which is Maricopa County and he *knowingly* caused injury to [redacted victim's name] . . . where she was restrained.

*Id*. at 9 (italics added). The court then asked if the Defendant heard the factual basis, to which he responded affirmatively, and then asked if the facts were true to which the Defendant replied, "Yes." *Id*. By pleading guilty to knowingly committing the aggravated assault, the Defendant removed the possibility that he acted recklessly and therefore satisfied the mens rea for a crime of violence as defined by 18 U.S.C. § 16.

**C.   Even if a due process violation occurred, Defendant suffered no prejudice.**

Defendant argues that several due process violations occurred during his removal proceedings. However, the fact that he was properly identified as an aggravated felon renders the due process argument irrelevant to the determination of whether the instant indictment should be dismissed. "To prevail on a motion to dismiss an indictment on the basis of an alleged due process defect in an underlying deportation proceeding, a defendant must not only establish that the defects in the deportation proceeding violated his due process rights, but also show that he suffered prejudice as a result of those defects." *United States*

4

*v. Ramos,* — F.3d —, 2010WL3720208 (9th Cir. 2010) (citation omitted). Although a defendant is not required to conclusively establish that he would have been entitled to relief to show prejudice, he must show that there were "plausible grounds for relief." *United States v. Gonzales-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003). If the defendant is ineligible for relief, his claim is of course not plausible. *Id.* at 1056.

Here, the Defendant's claim of prejudice is based on the argument that he was not an aggravated felon and therefore "might" have qualified for some form of relief. As the government notes, such an assertion does not provide a plausible ground for relief. As an aggravated felon, he was conclusively presumed deportable, *United States v. Calderon-Segura*, 512 F.3d 1104, 1107 (9th Cir. 2005), and therefore suffered no prejudice.

## III.  RECOMMENDATION FOR DISPOSITION BY THE DISTRICT JUDGE

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that the District Court, after an independent review of the record, **deny** Defendant Jesus Barron-Garcia's Motion to Dismiss (Doc. 54).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. If objections are not timely filed they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CR09-02814-TUC-DCB**.

DATED this 22nd day of October, 2010.

_____
Jacqueline Marshall
United States Magistrate Judge